STATE OF NORTH CAROLINA v. ALFONZO DAVIS AND GEORGE BLANKS

No. 745SC1018

(Filed 2 April 1975)

**Criminal Law § 66— in-court identification of defendant — pre-trial photographic identification not improper**

Evidence was sufficient to support the trial court's conclusion that a witness's in-court identification of defendants as the persons who robbed him was not tainted by a pre-trial photographic identification of one defendant where such evidence tended to show that robbers

were in a store for fifteen minutes where the witness was cashier, the store was brightly lighted, the witness had an opportunity to observe the taller robber who was wearing a loose stocking, an officer brought the witness several photographs and indicated that there was a possible suspect among the photographs, the witness selected one defendant's photograph and the officer told him that he was right.

APPEAL by defendants from *Cowper, Judge*. Judgments entered 30 August 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals on 17 February 1975.

By separate bills of indictment defendants were charged with armed robbery. Each defendant entered a plea of not guilty and the cases were consolidated for trial.

State's evidence tended to show that Robert Brunson III was employed as a night cashier at a Zip Mart store in Wilmington, North Carolina. The store remained open all night. Brunson was in the rear of the store marking prices on stock when he heard the main door open. He turned and observed two males enter the store with stockings over their heads. According to Brunson, they wore a sheer, light brown stocking, probably called "French Coffee", through which he could see. One was tall, one was short, and both were Negro. The taller one had a small caliber pistol and crouched behind the counter approximately five inches from Brunson. The stocking mask was loosely fitted, and Brunson noticed that he was dark-skinned with braided hair and that he had either "peach fuzz" or a goatee on his chin. The shorter man took approximately $200.00 from the cash register and questioned Brunson about a floor safe. The floor safe was opened and approximately $500.00 was taken from it. After the two men left with the money, Brunson phoned the police, giving a description of the men. He described the robbers as being two black men with braided hair. The taller one was described as approximately six feet six inches in height, weighing approximately 150 pounds, wearing dungarees and a red sleeveless shirt, and having dark skin and a slender build. The shorter one was described as about five feet ten inches in height, weighing approximately 145 pounds, wearing a white "T-shirt" and white hat, and having light skin.

In court, Brunson identified defendants Davis and Blanks as the two men who robbed him. He testified that on 27 July 1974 Officer Gurganious came to the Zip Mart and showed him some photographs. From these he picked out a photograph of

Blanks. Brunson further testified that he saw Davis among the spectators at a preliminary hearing for Blanks, told Officer Carr that Davis was the second man who robbed him, and pointed him out to Officer Carr. Officer Carr then arrested Davis.

Officers Gurganious and Carr primarily testified concerning the pre-trial identification of defendants Blanks and Davis, respectively.

Defendant Davis offered no evidence.

Defendant Blanks recalled Officer Gurganious for questioning and also called James Richburg, Jr. Richburg stated he was present when Officer Gurganious showed Brunson the photographs. According to this witness, Officer Gurganious told Brunson that he had some "mug shots" for Brunson to look at and that he had a possible suspect among the pictures. Brunson picked out a photograph, and Officer Gurganious reportedly said, "Yes, that is the one."

The jury found defendants Davis and Blanks guilty as charged, and from judgments imposing prison sentences, defendants appealed.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Charles E. Rice III, for defendant appellant Alfonzo Davis.*

*Thomas I. Benton, for defendant appellant George Blanks.*

MARTIN, Judge.

Defendant Blanks assigns as error the admission, over his objection, of the in-court identification of Blanks by the prosecuting witness, Robert Brunson, III. He argues that this testimony was tainted by an impermissibly suggestive out-of-court identification procedure using photographs; that the testimony was not of independent origin based upon what the witness saw at the scene; that the testimony was inherently incredible; and that the trial court's findings do not support its conclusions.

The trial court conducted a voir dire hearing which disclosed the following pertinent evidence relating to the photographic identification of defendant Blanks. The day following the robbery, Officer Gurganious went to the Zip Mart store and handed Brunson six photographs of Negro males. Brunson stated that

he went through the pictures and picked out one of George Blanks without any indication from any officer as to which picture he should select. He testified that there was no question at all in his mind as to whether or not George Blanks was the man; that his in-court identification was based on what he saw the night he was robbed; and that his identification was not at all based on the photograph of Blanks. He further testified that throughout the entire investigation he had identified only two individuals and that defendants were these two individuals with Blanks being the taller of the two robbers. On cross-examination Brunson said he thought that he recognized the taller robber when the taller one was down on his knees looking up at him.

Officer Gurganious testified that prior to the time Brunson was shown the photographs he did not say anything concerning who may or may not have been the one that robbed him and that Brunson pulled out a photograph of Blanks and identified Blanks as one of the robbers. It was possible, according to Officer Gurganious, that he informed Brunson the selected photograph belonged to a man named George Blanks. He stated that Brunson never identified anyone as being involved in the robbery other than Alfonzo Davis and George Blanks.

James Richburg, Jr. testified on voir dire that he was present at the time Officer Gurganious gave the pictures to Brunson. According to this witness, Officer Gurganious indicated that there was a possible suspect among the photographs, and upon Brunson's selection of a photograph, Officer Gurganious said, "Yes, you are right. That is the one."

At the conclusion of the voir dire hearing the trial court found that the robbers were in the store for fifteen minutes; that the store was brightly lighted; and that the witness Brunson had an opportunity to observe the taller man who was on his knees and wearing a loose stocking. It then concluded that the in-court identification of George Blanks was of independent origin, based solely on what the witness saw at the time of the crime and not subject to any pre-trial identification procedure suggestive and conducive of mistaken identification. Its finding was supported by clear and convincing evidence adduced from voir dire. A conclusion that the in-court identification had an independent origin establishes the lack of a "very substantial likelihood of irreparable misidentification" required for reversal. See *State v. Knight*, 282 N.C. 220, 192 S.E. 2d 283

(1972). Brunson's testimony was not inherently incredible, and his in-court identification of defendant Blanks was properly admitted into evidence.

Relying on *State v. Knight, supra,* defendant also argues it was error to admit testimony of Officer Gurganious concerning the pre-trial photographic identification. In *State v. Knight* the Court stated, "[T]he introduction of testimony concerning an out-of-court photographic identification must be excluded where . . . the procedure used is impermissibly suggestive, even though that suggestiveness does not require exclusion of the in-court identification itself under the *Simmons* test." In refusing to prohibit absolutely the use of identification by photograph, the Court in *Simmons v. United States,* 390 U.S. 377, 19 L.Ed. 2d 1247, 88 S.Ct. 967 (1968) held that "each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

In our opinion there was no impermissible suggestiveness in the photographic identification which would necessitate the exclusion of Officer Gurganious's testimony. *See State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972). Brunson had a sufficient opportunity to view defendant Blanks during the robbery. The day after the robbery Brunson viewed six photographs of Negro males, went straight through them, and picked out the photograph of defendant Blanks. Throughout the entire investigation he identified only the two defendants as being the ones who robbed him. Under such circumstances, the possibility that Officer Gurganious may have indicated that he had a suspect or possible suspect among the photographs was inconsequential. Also, the fact that the other five photographs did not look exactly like that of defendant Blanks did not contribute to a possibility of misidentification here. Impermissible suggestiveness amounting to a denial of due process has not been shown. In any event, there is no reasonable possibility that it could have affected the outcome of this case. The State's witness, Brunson, positively identified the two defendants as the robbers while defendant Davis offered no evidence and defendant Blanks merely offered evidence concerning the photographic identification.

At defendant Blanks's preliminary hearing, Brunson saw defendant Davis seated as a spectator and at that time identified Davis to a police officer as the second robber. There was no evidence that the meeting was prearranged. At trial, Brunson again identified Davis as the shorter man who robbed him. Defendant Davis contends that this in-court identification was tainted by the pre-trial photographic identification of defendant Blanks and thereby became inadmissible as the "fruit of a poisonous tree". It suffices to say that first, the pre-trial identification of defendant Blanks was not a poisonous tree, and second, the in-court identification of Davis was not the fruit of the pre-trial identification of Blanks.

We find no error prejudicial to defendants.

No error.

Chief Judge BROCK and Judge VAUGHN concur.